# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 26, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MONECA DOUGLASS, | * |
| | * |
| Petitioner, | *   No. 17-175V |
| | *   Special Master Oler |
| v. | * |
| | *   Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*Amber D. Wilson*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.
*Linda S. Renzi*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 6, 2017, Moneca Douglass ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving an influenza ("flu") vaccination on October 6, 2015. *See* Petition, ECF No. 1. On March 4, 2019, the parties filed a stipulation, which the undersigned adopted as her Decision awarding damages on March 5, 2019. Decision, ECF No. 41.

On March 25, 2019, petitioner filed an application for final attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 45 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $28,422.47, representing $25,656.30 in attorneys' fees and $2,766.17 in attorneys' costs. Fees App at 1-2. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* at 2. Respondent responded to the motion on March 25, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 46. Petitioner filed a reply on March 28, 2019, reiterating her belief that the requested amount of fees and costs is reasonable. Reply at 4-5, ECF No. 47.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorneys: for Ms. Amber Wilson, $308.00 per hour for work performed in 2017-2018 and $323.00 per hour for work performed in 2019; For Mr. Altom Maglio, $381.00 per hour for work performed in 2018. Fees App. Ex. 1 at 20. Petitioner also requests rates ranging from $135.00 per hour to $154.00 per hour for paralegal work, depending on the individual paralegal and the year of the work. *Id.*

The only adjustment required is to Ms. Wilson's requested rate for 2017. Previously, Ms. Wilson has been awarded $290.00 per hour for work performed in 2017. *See Waldorf v. Sec'y of Health & Human Servs.*, No. 17-758V, 2019 WL 1796137, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). No persuasive basis has been offered in the fee application to depart from that prior determination. The submitted billing record reflects that Ms. Wilson billed 36.9 hours in 2017. Fees App. Ex. 1 at 20. Accordingly, the undersigned will reduce the final award of attorney's fees by **$664.20**.[3]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed (105.4) to be largely reasonable. The only reduction necessary is for time billed by paralegals for downloading filings to "update file." *See generally* Fees App. Ex. 1 (illustrative entries on 6/19/17, 6/21/17, 7/24/17, 10/4/17). Beyond the fact that downloading a document from CMECF and saving it in a folder does not take 6 minutes, the billing records indicate that Ms. Wilson also billed for review of all filings, meaning that even routine filings such as review of the Court's order reassigning the case to a different special master had 12 minutes of time billed for its handling. Accordingly, the undersigned will reduce the final award of fees by **$353.70** to account for these entries. Petitioner is therefore entitled to final attorneys' fees of **$24,638.40**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,766.17 in attorneys' costs. This amount consists of acquiring medical records, postage charges, the Court's filing fee, and travel costs for a client visit. Fees App. Ex. 2 at 1-2. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

---

[3] ($308.00 - $290.00) * 36.9 = $664.20.

| | |
|---|---|
| Attorneys' Fees Requested | $25,656.30 |
| (Reduction to Fees) | - ($1,017.90) |
| **Total Attorneys' Fees Awarded** | **$24,638.40** |
| | |
| Attorneys' Costs Requested | $2,766.17 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,766.17** |
| | |
| **Total Amount Awarded** | **$27,404.57** |

**Accordingly, the undersigned awards a lump sum in the amount of $27,404.57, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ms. Amber Wilson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Katherine E. Oler
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).